IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GLENN PAYTON, JR., #78467                                                    PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 2:10cv62-KS-MTP

JON MARK WEATHERS, District Attorney;
and KASSIE COLEMAN, Assistant District Attorney                      DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court, sua sponte, for consideration of dismissal. Plaintiff Glenn Payton, Jr. filed this complaint [2] pursuant to 42 U.S.C. § 1983 against Jon Mark Weathers, District Attorney and Kassie Coleman, Assistant District Attorney on March 24, 2010. Plaintiff is an inmate incarcerated in the South Mississippi Correctional Facility, Leakesville, Mississippi. He is seeking monetary damages and declaratory relief.

Background

The plaintiff states in his complaint [2] that he was arrested on or about March 7, 2008, and was charged with the criminal offense of statutory rape. On or about May 19, 2008, he was indicted, indictment number 08-289-CR, by the grand jury for the Circuit Court of Forrest County, Mississippi. (Compl. [2] p. 3-4). According to the complaint [2], an order of "nolle prosequi" was entered as to indictment number 08-289-CR. However, on or about December 22, 2008, the defendants filed a motion to amend the indictment in the Circuit Court of Forrest County. (Comp. [2] p.5). As a result of this amended indictment, the plaintiff was subsequently convicted of statutory rape and was sentenced to 30 years to serve in the custody of the Mississippi Department of Corrections. (Comp. [2] p.6). The plaintiff asserts in his complaint [2] that he is presently serving said sentence.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case.

Notwithstanding the plaintiff's statement that this is not a challenge to the validity of the resulting conviction (Compl. [2] p. 11), this court must look beyond the label placed on pleadings to the essence of the complaint and decide whether the plaintiff should pursue his claim as a petition for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. See United States v. Santora, 711 F.2d 41, 42 n.1 (5th Cir 1983). Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)). The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)). Therefore, to the extent the plaintiff may be requesting release from custody, a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is the appropriate legal vehicle to assert these claims.

Before the plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies. Preiser v. Rodriguez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983). The plaintiff fails to establish that he has

satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Therefore, this complaint will not be liberally construed as a petition for habeas corpus relief and will be dismissed.

To the extent the plaintiff is seeking monetary damages, the plaintiff's claims under § 1983 are precluded by the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 2372 (footnotes omitted) (emphasis added); see also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).

If plaintiff is successful in this § 1983 action, it would necessarily imply the invalidity of his conviction for statutory rape. Since this § 1983 action calls into question the validity of plaintiff's conviction and because plaintiff has failed to demonstrate that his conviction and/or sentence has been invalidated, this court finds that plaintiff's complaint requesting monetary damages should be dismissed for failure to state a claim.

3

Even though the plaintiff's complaint and request for monetary damages are being dismissed for failing to meet the requirements set forth in Heck, the United States Court of Appeals for the Fifth Circuit held that "it remains appropriate for district courts to consider the possible applicability of absolute immunity . . . as a threshold matter in making a § 1915(d) determination."  Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994).  With that in mind, this court finds that even if the plaintiff successfully met the Heck requirements he would not be allowed to maintain this § 1983 complaint against defendants Weathers and Coleman.  "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'"  Hulsey v. Owens, 63 F.3d 654, 356 (5th Cir. 1995) (quoting Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994)).

A district attorney, when acting within the scope of his role as a prosecutor, enjoys absolute immunity from liability in suits filed pursuant to 42 U.S.C. § 1983.  Imbler v. Pachtman, 424 U.S. 409 (1976).   In analyzing whether the defendant is absolutely immune, the court must look to the conduct at issue and then determine if the conduct falls within the scope of actions that are immune.  See Hoog-Watson v. Guadalupe County, Tex., 591 F.3d 431, 438 (5th Cir. 2009).  The allegations against defendants District Attorney Weathers and Assistant District Attorney Coleman concerning the alleged defective indictment and the alleged impermissible altering of the statute of the grand jury charge demonstrate that said defendants were acting within their judicial discretion relating to prosecuting the criminal charge against plaintiff.  Clearly, the conduct of the defendants are "intimately associated with the judicial phase of the criminal process." Id. (other citations omitted)(quoting Imbler, 424 U.S. at 430).  As such, the plaintiff has failed to establish that defendants District Attorney Weathers and Assistant District

Attorney Coleman were acting beyond the scope of their prosecutorial authority. Therefore, since defendants District Attorney Weathers and Assistant District Attorney Coleman are absolutely immune from liability and damages under these circumstances, the plaintiff cannot maintain this § 1983 action against these defendants.

## Conclusion

As discussed above, the plaintiff's claim is not cognizable under 42 U.S.C. § 1983. Consequently, this complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "Strike"[1]. If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion and order will be entered.

SO ORDERED, this the 27th day of May, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(g) states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."